UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RICARDO CHAPA,<br><br>              Petitioner,<br><br>     v.<br><br>WARDEN OF FCI VICTORVILLE MEDIUM II, FEDERAL BUREAU OF PRISONS,<br><br>              Respondent. | Case No. 5:25-cv-01619-CV (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM**<br><br>[DOC. # 5, 21] |

### BACKGROUND

On June 27, 2025, Petitioner Luis Ricardo Chapa ("Petitioner") filed a Petition for Writ of Habeas Corpus Ad Testificandum. Doc. # 1 ("Petition" or "Pet."). On the same day he submitted an Application for Writ of Habeas Corpus Ad Testificandum. Doc. # 5.

Petitioner is currently incarcerated at FCI Victorville Medium II in Victorville, California ("FCI Victorville"). Pet. ¶ 1. He is serving a 192-month sentence imposed after he pleaded guilty to three firearm-related offenses. *See United States v. Chapa, et al.*, No. 1:10-cr-589-SS (W.D. Tex.), Doc. ## 15, 67, 99, 153. His projected release date is July 9, 2028. *See* https://www.bop.gov/inmateloc/.

Petitioner seeks a writ compelling his in-person appearance to testify at a civil trial scheduled for January 26, 2026, in Cause No. DC-22-154, *Lauro Chapa, Sr., et al. v. Luis Ricardo Chapa*, pending in the 229th Judicial District Court of Duval County, Texas ("the Texas lawsuit"). Pet. ¶¶ 2–3, 5; Doc. # 5-1. In that case, Petitioner is the sole defendant and a "counter-plaintiff" in a dispute involving real property and alleged fraud. Pet. ¶¶ 2–3, 6. Petitioner states that the state trial judge has rejected his request to appear by remote means. *Id.* ¶ 4. He therefore asks this Court to order the Federal Bureau of Prisons ("BOP") to transport him to San Diego, Texas, and to house him in a state or federal facility in Duval County until the civil trial concludes, after which he would be returned to FCI Victorville. *Id.* ¶ 5.

On July 16, 2025, Respondent—the Warden of FCI Victorville Medium II, Federal Bureau of Prisons ("Respondent")—filed a Response to the Petition. Doc. # 9. Petitioner filed a reply on September 2, 2025. Doc. # 16.

On September 16, 2025, the magistrate judge ordered supplemental briefing on whether this Court has jurisdiction to issue a writ of habeas corpus ad testificandum directing Petitioner's transfer to appear in the Texas lawsuit. Doc. # 17. The parties submitted supplemental briefs on September 23, 2025. Doc. ## 18, 19. Respondent conceded that the Court has jurisdiction to issue such a writ and that issuance lies within the Court's discretion. Doc. # 19 at 2. Respondent nevertheless urged the Court not to exercise that discretion. *Id.*

On October 21, 2025, Magistrate Judge Pedro V. Castillo issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and the action dismissed without prejudice. Doc. # 21. The magistrate judge reasoned that viable alternatives existed for Petitioner's participation in the Texas lawsuit that did not require issuance of the requested writ.

Petitioner filed objections to the R&R on November 10, 2025. Doc. # 24. He argued that the alternatives identified by the magistrate judge were not viable because Texas state courts lack authority to compel the release or transfer of a federal prisoner

housed in California, a stay of the Texas proceedings would be impractical, and the interests of justice require issuance of a writ to permit his in-person testimony.

## LEGAL STANDARD

Under 28 U.S.C. § 2241(c)(5), a federal court may issue a writ of habeas corpus to compel a prisoner's presence in court when "[i]t is necessary to bring him into court to testify or for trial." The parties do not dispute that this Court has jurisdiction to issue the requested writ. *See* Doc. ## 18, 19; *see also Maurer v. Pitchess*, 530 F. Supp. 77 (C.D. Cal. 1981), *aff'd in part, rev'd in part*, 755 F.2d 936 (9th Cir. 1985).

"When determining whether it should issue a writ of habeas corpus ad testificandum . . . the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins v. Alameda Cty.*, 717 F.2d 466, 468 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)).

## DISCUSSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Doc. # 1), the parties' briefing (Doc. ## 9, 16, 18, 19), the R&R (Doc. # 21), Petitioner's objections (Doc. # 24), and the record as a whole. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. In addition, the Court concludes that the issuance of the requested writ is not warranted after having independently weighed the *Wiggins* factors.

*First*, Petitioner's in-person testimony would undoubtedly further the resolution of the Texas lawsuit, and Petitioner has shown that the state court is not inclined to allow remote testimony. As the Magistrate judge observed in the R&R, however, Petitioner has not shown that he is without options for his defense in the Texas

lawsuit.[1] Although these alternatives may be less advantageous to Petitioner than in-person, live testimony, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights." *McKinney v. Boyle*, 447 F.2d 1091, 1094 (9th Cir. 1971) (citing *Price v. Johnston*, 334 U.S. 266, 285–86 (1948)). Although Petitioner's presence would likely benefit his case, he is still represented by counsel in the Texas lawsuit and has not demonstrated that he lacks meaningful avenues to present his defense absent the requested writ. Accordingly, this factor weighs in favor of granting the writ, but only modestly.

*Second*, security concerns weigh against issuance of the writ. Petitioner is serving a lengthy sentence for serious firearm-related offenses and is classified as a medium-security inmate. Transporting him approximately 1,500 miles for a civil trial—where the nearest federal facility is roughly 80 miles away—would require continuous escort by federal personnel and coordination with state officials. *See* Doc. # 19 at 5–6; Doc. # 16 at 15. While the security concerns are not insurmountable, they are substantial. This factor weighs modestly against granting the writ.

*Third*, the cost of transporting and housing Petitioner for the duration of a private civil trial would be significant. Petitioner has not offered to bear those costs and instead asks that they be imposed on the government. *See* Doc. # 16 at 15; Doc. # 5-1. Given that the Texas lawsuit concerns a dispute over private rights, with no government witnesses or public-law claims at issue, shifting these expenses to the

---

[1] For purposes of this order, the Court accepts Petitioner's argument that it is unlikely a Texas state court could or would independently issue an writ compelling his attendance at the civil trial. Doc. # 24 at 4–5; *see, e.g.*, *In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App. 2010) ("[T]he trial court granted M.P.'s request for a writ of habeas corpus ad testificandum; however, because M.P. was incarcerated in a federal facility in another state, the trial court lacked the authority to compel M.P.'s attendance, and the federal government refused to honor the trial court's order."). Nonetheless, the Court agrees with the Magistrate Judge that Petitioner has not shown that other viable options for his defense have been adequately explored, such as seeking reconsideration of the order forbidding Petitioner's remote appearance, seeking leave to permit Petitioner to testify via deposition testimony, or to seek a stay of the trial pending Petitioner's release. *See* Doc. # 21 at 4.

4

public would be unwarranted. *See* Pet. ¶ 3. This factor weighs heavily against granting the requested relief.

*Fourth*, the Court is not persuaded that a stay of the Texas lawsuit would be as prejudicial to Petitioner and the other litigants as Petitioner argues. Although a stay of approximately two years is substantial, Petitioner has a defined release date of July 9, 2028. This factor therefore weighs in favor of granting the writ, but not strongly.

Considering all of the circumstances, the Court concludes that the requested writ—an "extraordinary measure"—is not justified here. *See Davidson v. Desai*, 964 F.3d 122, 131 (2d Cir. 2020).

## Conclusion

Accordingly, IT IS ORDERED that:

1. The Report and Recommendation is ACCEPTED as stated herein;
2. The Petition for Writ of Habeas Corpus is DENIED;
3. The Application for Writ of Habeas Corpus Ad Testificandum is DENIED;
4. Judgment shall be entered dismissing this action without prejudice;
5. All other matters in this case are TERMINATED; and
6. The Clerk is DIRECTED to close the case.

**IT IS SO ORDERED.**

Dated: 1/12/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE